IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BIANCA SLATER, <br><br> Plaintiff, <br><br> v. <br><br> DAGGA BOY DOUGLASVILLE, LLC, <br><br> Defendant. | Civil Action No. _____ <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bianca Slater ("Plaintiff") brings this action against Dagga Boy Douglasville, LLC ("Defendant") and alleges as follows:

## INTRODUCTION

This lawsuit is brought against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiff. Defendant owns and operates Steak 'n Shake franchised restaurants.

1

## JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1331.

2. Venue in this district and division is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked for Defendant in this district during all times material to this action.

## PARTIES

3. Defendant Dagga Boy Douglasville, LLC is a Georgia Limited Liability Corporation with its principal offices located at P.O Box 632, Cartersville, Georgia, 30120.

4. Defendant has owned and operated franchised Steak 'n Shake restaurants in Georgia during the three (3) year period preceding the filing of this Complaint.

5. Plaintiff was employed by Defendant as a tipped-employee (server) within the applicable statute of limitations at Defendant's Douglasville, Georgia location.

## ALLEGATIONS

6. Plaintiff was employed by Defendant as a tipped employee and worked as a server at one of Defendant's Steak 'n Shake restaurants located in Douglasville, Georgia during all times material to this action.

7. Defendant employed Plaintiff as a tipped employee to serve its customers at its Steak 'n Shake restaurant where Plaintiff worked.

8. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

9. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and its tipped employees, including Plaintiff, likewise have engaged in interstate commerce during all relevant times.

10. Plaintiff is entitled to at least the applicable FLSA minimum wage rates of pay for hours worked per week within weekly pay periods during the three (3) years preceding the filing of this Complaint.

11. Defendant had a common plan, policy and practice of compensating Plaintiff under a tip-credit compensation program in which she was to be paid a sub-minimum wage hourly rate of pay ($2.13 per hour) with her tips to be credited toward the applicable FLSA minimum wage rate of at least $7.25 per hour. Defendant was to supplement her pay for any differences in reaching $7.25 per hour when her credited tips and sub-minimum wage hourly rate of pay did not equate to at least the federal minimum wage rate of $7.25 per hour.

12. However, Defendant failed to comply and adhere to such plan and, instead, had a common practice of failing to compensate Plaintiff the difference between her credited tips/sub-minimum wages and $7.25 per hour, as required by the FLSA.

13. Defendant merely assumed Plaintiff earned enough tips each shift to amount to the difference between the sub-minimum wage amount she received and $7.25 per hour. As a result, Defendant regularly claimed a tip-credit for hours worked in weeks in which Plaintiff's tips, when added to a tip-credit rate, did not equate to the federal minimum wage of $7.25 per hour.

14. There were numerous shifts within weekly pay periods of the applicable statutory limitations period in which Plaintiff earned fewer tips than the difference

between the sub-minimum wage pay she received and the FLSA required hourly rate of pay of at least $7.25 per hour, without Defendant supplementing the difference.

15. As a result, Plaintiff was paid less than the FLSA required minimum wage within such weekly pay periods.

16. Plaintiff also routinely spent hours, while compensated pursuant to a tip-credit of less than $7.25 per hour, of each shift performing tasks entirely unrelated to her tip producing duties (i.e., "dual occupation" duties) including, but not limited to: stocking, cleaning bathrooms, and mopping floors.

17. In addition, Plaintiff also regularly spent more than twenty percent (20%) of her regularly scheduled shifts performing tasks tangentially related to her tipped occupation, but themselves non-tip producing (such as refilling salt and pepper shakers, filing condiments, refilling condiments, and rolling silverware), all while compensated pursuant to a tip credit.

18. Plaintiff would spend more than twenty percent (20%) of her regularly scheduled shifts performing tasks tangentially related to her tipped occupation, but themselves non-tip producing (such as refilling salt and pepper shakers, filing condiments, refilling condiments, and rolling silverware), all while compensated pursuant to a tip credit, on every shift she worked.

19. Defendant's failure to pay Plaintiff the applicable FLSA minimum wage for all hours worked per week within weekly pay periods during all times material to this action was willful, was done with reckless disregard to established FLSA regulations and principles, and was without a good faith basis.

20. Although at this stage Plaintiff is unable to state the exact amount owed to her, she believes such information will become available during the course of discovery. However, under the FLSA, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## COUNT I
### *VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. – FAILURE TO PAY MINIMUM WAGE*

21. Plaintiff hereby incorporates all of the preceding paragraphs herein.

22. At all relevant times, Plaintiff was Defendant's employee and was entitled to the FLSA's protections.

23. Defendant is an "employer" covered by the FLSA.

24. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b).

25. Defendant's policy and practice of requiring Plaintiff to work without

receiving the applicable FLSA minimum wage rates of pay for all hours worked, by crediting tips she did not receive into her pay records, resulted in a failure to satisfy its minimum wage obligations to Plaintiff.

26. As such, Defendant violated the FLSA by failing to pay Plaintiff the required FLSA minimum wage rate of pay for all hours worked during the three (3) year period preceding the filing of this Complaint.

27. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and without a good faith basis for such failure.

28. Due to Defendant's aforementioned violations, Plaintiff is entitled to recover her unpaid minimum wages for all hours worked within applicable weekly pay periods during all times material, actual and liquidated damages (including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes) reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiff requests this Court to grant the following relief against Defendant:

A. An award of compensation for unpaid minimum wages to Plaintiff at the applicable FLSA minimum wage rates of pay;

B. An award of liquidated damages to Plaintiff;

C. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff;

E. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

F. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: November 10, 2020.  Respectfully Submitted,

/s/ *Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com

&

Robert E. Morelli, III* (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rmorelli@jsyc.com*

*Attorneys for Plaintiff*

* *Pro Hac Vice to be filed*